# In the United States Court of Federal Claims

No. 11-465C

(Filed: November 19, 2012)

(**NOT TO BE PUBLISHED**)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **DAVID J. NELSON,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

David J. Nelson, also known as Robert David Neal, *pro se*, Terre Haute, Indiana.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Stuart F. Delery, Acting Assistant Attorney General, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, David Nelson (also known as Robert David Neal), requests monetary relief from the government in an amount that would satisfy a final judgment rendered in his favor against a private party in a case in the United States District Court for the Northern District of California. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

## BACKGROUND

This case ostensibly arises from a prior lawsuit in the Northern District of California in which Mr. Nelson prevailed against a man named Robert David Neal. *See Nelson v. Neal*, No. 4:09-CV-05162-PJH (2010).[1] That suit concerned wrongful detention of property and resulted in Mr. Nelson's receipt of a writ of assistance or replevin for the delivery of the pertinent chattel by Mr. Neal and his bailees, custodians, or warehousers. *Id.* In the present suit, Mr. Nelson names as defendant the United States, operating through the United States Department of Justice, the Federal Bureau of Prisons, the Marshals Service and the Federal Bureau of Investigation, "plus all of their employees, agents or assigns." Compl. at 1. According to Mr. Nelson, these individuals were subject to the final judgment rendered in the Northern District of California. *Id.* at 1. Mr. Nelson also asserts that he has been awarded "full and complete habeas corpus relief" through that judgment. *Id.* at 2. He seeks a judgment from this court "which mirrors exactly what has already been granted to the Plaintiff as follows against [the government]," which he alleges includes:

> $10,500.00 USD per calendar day, retroactive to January 3, 2008, plus interest at 10% per annum compounded daily, to run unabated until such time as the defendant agrees to comply with the Final Judgment [rendered] in case no. [4:09-CV-05162-PJH] in the United States District Court for the Northern District of California and terminate its custody of the Plaintiff.

Compl. at 3.[2] The government filed a motion to dismiss for lack of subject matter jurisdiction. The deadline for filing a response to this motion was September 17, 2012. That date passed without any response by Mr. Nelson to the government's motion.

## ANALYSIS

### Standards for Decision

"[A] 'court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004)

---

[1]His complaint actually refers to a different case number, *viz.* No. 3:09-CV-05162-PJH. No case by that number exists. What appears to be the proper action in the Northern District of California, No. 4:09-CV-05162-PJH, varies by only a single digit, identifies the same parties, and is cited by the government in its motion to dismiss. Plaintiff's complaint attributes certain holdings to this case which do not appear in the opinion cited by the government. For example, plaintiff alleges that his prior suit granted habeas corpus as well as a judgment against government officials for money damages, neither of which appear in the cited case. A search of the Northern District of California's electronic filing system yielded no suit matching the plaintiff's description of his prior matter under *any* case number. As such, the court has treated the plaintiff's substitution of "3" for "4" as an error and addresses only case No. 4:09-CV-05162-PJH.

[2]Mr. Nelson is confined in a federal correctional institution located in Terre Haute, Indiana, apparently under the name of Robert David Neal. His true name, whether Nelson, Neal, or some other name, is not material to the disposition of this action.

2

(quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002) (citing *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997))).  In considering a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct."  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985)).  When the court's subject matter jurisdiction has been called into question by a motion filed under RCFC 12(b)(1), however, the burden of establishing the court's jurisdiction resides with the party seeking to invoke it, *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936), and such burden is not satisfied until proven by a preponderance of the evidence, *Reynolds,* 846 F.2d at 748 (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969) (quoting *McNutt*, 298 U.S. at 189)); *see also Jascourt v. United States*, 207 Ct. Cl. 955 (1975) (stating that plaintiff bears burden of establishing waiver of sovereign immunity)).

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act does not create a substantive right to relief, nor is standing, by itself, sufficient to confer jurisdiction on this court.  *See United States v. Testan*, 424 U.S. 392, 398 (1976); *Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc).  Rather, "[a] substantive right must be found in some other source of law."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983).  Thus, the Tucker Act essentially acts to waive the government's sovereign immunity with respect to claims deriving from a money-mandating source of law.  *Id.* Accordingly, to establish that this court has subject matter jurisdiction under the Tucker Act, the plaintiff must first point to an independent, substantive source of law that may be interpreted as mandating payment from the United States for the injury suffered, and upon successfully doing so, the plaintiff must then present "a non[-]frivolous assertion that [he or she] is within the class of plaintiffs entitled to recover" under that money-mandating source.  *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.,* 525 F.3d 1299, 1307 (Fed. Cir. 2008).

*Subject Matter Jurisdiction*

Mr. Nelson contends that this court has subject matter jurisdiction over his claim under the Tucker Act because "th[e] claim revolves around money owed to this Plaintiff by the Defendant[,] which is unliquidated."  Compl. at 1.  The government, in turn, avers that this court does not have jurisdiction because Mr. Nelson has failed to identify any money-mandating provision under which relief can be granted.  Def.'s Mot. to Dismiss at 1.

Mr. Nelson's claimed support for jurisdiction in this court is the fact that he was successful in an earlier suit for wrongful detention of property in the Northern District of California.  Compl. at 1.  He cites to the principle of *res judicata* for the proposition that this court must uphold and enforce the final judgment of the Northern District of California, which he claims entitled him to damages against the government in addition to habeas corpus relief from his "false imprisonment."  Compl. at 1-2.

Plaintiff's argument is unavailing because his characterization of the judgment in the Northern District of California is so thoroughly flawed as to defy reason.  The United States was

3

not a party to his suit in that court. The federal district court's decision and judgment does not award damages to Mr. Nelson from the government, but only from another private party. Habeas corpus was not at issue, nor was wrongful imprisonment. Mr. Nelson's claim that the judgment entered in the Northern District of California creates a substantive right to unliquidated damages from the United States is simply not true.

## CONCLUSION

This court does not have subject matter jurisdiction over Mr. Nelson's claims. For the reasons stated, the government's motion to dismiss is GRANTED pursuant to RCFC 12(b)(1). The clerk shall enter judgment in accord with this decision.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

4